Patrick R. Barrowclough (No. 010150)
ATKINSON, HAMILL & BARROWCLOUGH, P.C.
3550 N. Central Avenue, Suite 1150
Phoenix, AZ 85012
Telephone: (602) 222-4828
Fax: (602) 222-4820
E-mail: pbarrowclough@ahblawfirm.com

Cynthia L. Johnson (No. 014492)
LAW OFFICE OF CYNTHIA L. JOHNSON
11640 E. Caron Street
Scottsdale, AZ 85259
Telephone: (480) 381-7929
Fax: (480) 614-9414
E-mail: cynthia@jsk-law.com

Attorneys for Atlas Residential, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA (YUMA)

| | |
|---|---|
| In re:<br><br>DESERT VALLEY STEAM CARPET CLEANING, LLC,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:20-bk-00570-BKM<br><br>**ATLAS RESIDENTIAL'S MOTION TO SET EVIDENTIARY HEARING TO VALUE REAL PROPERTY** |

Creditor Atlas Residential, LLC ("**Atlas**") moves the court under 11 U.S.C. § 506(a) and Bankruptcy Rules 3012 and 9014 to set an evidentiary hearing to determine the value of the real property in which Debtor claims an interest, and which secures the first position lien claim held by Atlas. Additionally, Atlas requests that the court set a discovery and briefing schedule in conjunction with that hearing as set out herein.

**I.    Introduction.**

Debtor claims an interest in an apartment complex property in Eloy, Arizona located at 601 North D Street and 603 (a/k/a 607) North D Street (the "**Real Property**"),

legally described as follows:

> Lots 1, 2, 3 and 4, Block 68 of COTTON CITY PROPER, according to Book 2 of Maps, Page 8, records of Pinal County, Arizona.

It is Debtor's position that it owns all of the Real Property; upon information and belief, Atlas submits that a portion of the Real Property, namely Lots 2 and 4, may be owned by Victor Granado, and that issue has not yet been presented to, or determined by, the court.

The value of the Real Property is in dispute, with current appraisals varying between $249,000 and $510,000. Atlas believes it will help advance this bankruptcy case (and may help the parties reach a quicker and possibly less expensive resolution) if the parties obtain a court ruling on the value of that Real Property, and accordingly Atlas is submitting this motion.

At the hearing in this case on November 10, counsel for Atlas indicated that the parties needed a valuation of the Real Property and that he was preparing a joint motion on the issue which he hoped to file in the near future. At that hearing counsel for Debtor agreed a valuation was needed: "Mr. McCabe agrees with Mr. Barrowclough. The parties will need an evidentiary hearing on valuation of the property in the near future." *See* Court's November 10 minute entry – Dkt. 168 – under "Matter 2.". Despite that agreement, in the end Debtor would not agree to be part of a joint motion, and as such Atlas is filing this motion on its own.

**II.     Background Facts/Documents**.

1.      In February 2015, Debtor borrowed $275,000.00 from KS StateBank ("**KS Bank**") (the "**Loan**"), executing a Promissory Note in the principal amount of $275,000.00 (a copy of the Note is attached to Atlas's July 31, 2020 Proof of Claim – the "**Atlas POC**" – as Exhibit A).

2.      To secure payment of the Note, Debtor granted KS Bank a security interest in

the Property pursuant to a Deed of Trust recorded with the Pinal County Recorder on March 6, 2015 (the "**DOT**") (a copy of the DOT is attached to the Atlas POC as Exhibit B).

3. As further security Debtor also executed a separate Assignment of Rents recorded with the Pinal County Recorder on March 6, 2015 (a copy of Assignment of Rents is attached to the Atlas POC as Exhibit C). The Note, DOT, and Assignment of Rents are referred to as the "**Loan Documents**."

4. At the time the Loan was made, the Property consisted of thirteen (13) units, but on March 10, 2017 a fire burned the building containing five (5) of the units, leaving eight (8) units.

5. KS Bank sold and assigned its interest in the Loan and Loan Documents to Atlas, and on May 4, 2017 (i) an Assignment of Beneficial Interest Under Deed of Trust, and (ii) an Assignment of Beneficial Interest Under Assignment of Rents were recorded with the Pinal County Recorder (copies of each are attached to the Atlas POC as Exhibits D and E, respectively). As a result, Atlas is how the holder of the Loan and Loan Documents and all rights thereunder, and hereafter Atlas's claim under that Loan and the Loan Documents shall be referred to as the "**Loan Claim**."

6. Debtor has filed a plan and disclosure statement that separates Atlas's Loan Claim into a secured claim and an unsecured claim and proposes to pay the secured portion over time. As discussed in the disclosure statement, Debtor proposed a secured claim for Atlas in the amount of $265,000, although that may change given the appraisal Debtor has obtained in this case (discussed below).

7. Atlas objected to the disclosure statement, and at the November 10 hearing on the disclosure statement Debtor's counsel informed the court that Debtor planned to file a revised disclosure statement, and the disclosure statement was then taken "off calendar

until other issues are resolved. *See* Court's November 10 minute entry – Dkt. 168 – under "Matter 1".

8. Debtor has informed Atlas that Debtor intends to file an amended plan with its revised disclosure statement, but Atlas anticipates the under the amended plan Debtor will still propose that it retains the Real Property and pays Atlas on its Loan Claim secured by the Real Property over time.

9. Atlas my file a creditor's plan in this case, and currently it contemplates said plan would provide for a sale of the Real Property or possibly a transfer of the equity interest in the reorganized debtor; in either event, the value of the Real Property is still relevant and should be determined.

### III. The Value of the Real Property.

Both Atlas and Debtor have obtained appraisals of the Real Property: (i) Atlas obtained an appraisal prepared by William Dominick, Integra Realty Resources, stating a fair market value for the Real Property of $510,000 as of July 29, 2020 (the "**Integra Appraisal**"); and (ii) Debtor obtained an appraisal prepared by Michael Wright, Josephs Appraisal Group, stating a fair market value for the Real Property of $249,000 as of June 19, 2020.[1]

Under Bankruptcy Code section 506(a), Atlas has an allowed claim "to the extent of the value of such creditor's interest in the estate's interest in such property . . .." Further, "[s]uch value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." The Supreme Court held

---

[1] Debtor also obtained a second appraisal from Mr. Wright valuing the Property at $558,000 as of June 19, 2020 based on a "hypothetical condition" that the 5-unit building that was previously destroyed "still existed." Hereafter, the two appraisals prepared by Mr. Wright shall be referred to as the "**Josephs Appraisals**."

that the value of the collateral under section 506(a) determines the status of a creditor's claim.[2] Absent a creditor making the §1111(b)(2) election, the portion of the creditor's claim that exceeds the value of its collateral is an unsecured claim.[3] In addition, Rule 3012 provides that the court "may determine the value of a claim secured by a lien on property … on motion of any party in interest . . .."

A determination of the value of the Real Property is important to Debtor's proposed reorganization, and may have a great impact on the parties' settlement negotiations, as well as how the parties may resolve various other matters that are currently pending before the court or which may be brought before the court. Although Section 506(a) also contemplates valuing the interest Atlas holds in Debtor's interest in the Real Property, in this case Atlas requests that the hearing be limited to just establishing a value for the Real Property itself. Determining the value of Atlas's interest will delay the valuation process, because it involves determining, among other things, the following: (i) whether Atlas's claim in the Real Property secured by the Loan Documents is limited to $275,000 under the terms of its Deed of Trust (as has been argued by Debtor); (ii) whether and to what extent Atlas's Loan Claim is also secured by the Insurance Proceeds and/or the post-petition rents and whether that security interest will continue in rents post-confirmation; (iii) whether Atlas is allowed to amend its previously filed Proof of Claim to include the Judgment Lien claim discussed in its Motion For Leave to Amend Proof of Claim (*see* Dkt. 150); (iv) if allowed to amend, whether the Judgment Lien is a valid secured claim in this case; (v) whether Debtor owns all of the Real Property or whether Victor Granado owns a portion thereof; and (vi) various claims asserted by the parties in the pending adversary proceeding (adversary case no. 2:20-AP-0093-BKM). Although at some point

---

[2] *Nobelman v. American Sav. Bank*, 508 U.S. 324, 328-29 (1993).

[3] *Id.* (citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 239, n. 3 (1989)).

these matters will need to be resolved, Atlas submits that if the value of the Real Property is established, it will aid the parties in resolving the remainder, either by agreement, or, absent agreement, by bringing them before the court.

Given the foregoing, Atlas requests that the court set a full one-day evidentiary hearing on the value of the Real Property (the "**Valuation Hearing**") as soon as available on the court's calendar following ninety (90) days after entry of the court's order setting the Valuation Hearing (the "**Hearing Order**"), and Atlas further requests that as part of that Hearing Order the court adopts the following procedures related thereto:

1. Debtor and Atlas will each be limited to one expert on value concerning the Real Property; absent agreement of the parties or court approval obtained at least ten (10) business days before the Valuation Hearing, the expert for Debtor shall be Michael Wright, or another representative of Josephs Appraisal Group, and the expert for Atlas shall be William Dominic, or another representative of Integra Realty Resources.

2. Other than the foregoing expert witnesses, the parties shall not be allowed any other witnesses at the Valuation Hearing, absent agreement of the parties or court approval obtained at least ten (10) business days before the Valuation Hearing.

3. The parties have previously exchanged the Integra Appraisal and the Josephs Appraisals, and they shall exchange copies of the appraisers' working files concerning the Integra Appraisal and the Josephs Appraisals (except those portions of the files protected by an applicable privilege and/or an applicable Rule of Evidence) by no later than thirty (30) days following the entry of the Hearing Order.

4. The deadline for the parties to complete the deposition of the expert

witnesses shall be sixty (60) days following entry of the Hearing Order. Absent agreement of the parties and the witnesses, the depositions will be taken via Zoom videoconference and otherwise conducted in accordance Rule 30, F.R.Civ.P., incorporated herein by Bankruptcy Rule 7030. The depositions may be taken on not less than ten (10) days' notice, but the parties will work to agree on deposition dates.

5. Direct testimony of expert witnesses will be submitted by a combination of declaration and live testimony[4], but each party shall be limited to one (1) hour at the Valuation Hearing to present their live direct testimony; the deadline for the parties to file declarations of their respective experts shall be fourteen (14) days prior to the date scheduled for the Valuation Hearing.

6. Cross-examination will be conducted live.

A proposed form of order is attached hereto as Exhibit A; following the deadline for filing objections to this Motion, and absent any such objections, Atlas intends to lodge that proposed form of order with the court.

## CONCLUSION

Wherefore, pursuant to the foregoing, Atlas respectfully requests that the court adopt the proposed schedule as set out herein and set an evidentiary hearing to determine the value of the Real Property. For the court's convenience, a proposed form of order is lodged herewith.

…

…

…

---

[4] "**Live**" as used herein may mean in person in court, by telephone, or by teleconference, as may be ordered by the court.

RESPECTFULLY SUBMITTED this 23rd day of November, 2020.

                                      ATKINSON, HAMILL & BARROWCLOUGH, P.C.

                              By   */s/ Patrick R. Barrowclough*
                                  Patrick R. Barrowclough
                                  3550 N. Central Avenue, Suite 1150
                                  Phoenix, AZ  85012

                                  Cynthia L. Johnson
                                  LAW OFFICE OF CYNTHIA L. JOHNSON
                                  11640 E. Caron Street
                                  Scottsdale, AZ 85259
                                  Attorneys for Atlas Residential, LLC

COPY served via e-mail or electronic
notification this 23rd day of November, 2020 to:

Wright Law Offices
Benjamin Wright
Shawn A. McCabe
2999 N. 44th Street, Suite 600
Phoenix, AZ  85018
Attorneys for Debtor

Patty Chan
Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ  85003
E-mail: patty.chan@usdoj.gov
Attorneys for U.S. Trustee

Timothy M. Collier
Law Office of Timothy M. Collier, PLLC
3295 N. Drinkwater Blvd., Ste. 9
Scottsdale, AZ 85251
E-mail: timothy.collier@tmcollierlaw.com
Attorneys for Victor Granado and Jamie Granado

Christopher Dylla
Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
E-mail: Christopher.dylla@azag.gov
Attorney for Arizona Department of Revenue

| | |
|---|---|
| 1 | Adam Nach<br>Lane & Nach, P. C. |
| 2 | 2001 E. Campbell, Ste. 103<br>Phoenix, AZ 85016 |
| 3 | E-mail: adam.nach@lane-nach.com<br>Creditor and Attorneys for Stanley J. Kartchner |
| 4 | |
| | */s/ Heather Widmann* |
| 5 | |