# EXHIBIT A



| | | Commitment for Title Insurance |
| --- | --- | --- |
| *First American Title*™ | | ISSUED BY<br>**First American Title Insurance Company** |
| **Commitment** | | |

**FIRST AMERICAN TITLE INSURANCE COMPANY**, a Nebraska corporation ("Company"), for a valuable consideration, commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest in the Land described or referred to in Schedule A, upon payment of the premiums and charges and compliance with the Requirements; all subject to the provisions of Schedules A and B and to the Conditions of this Commitment.

This Commitment shall be effective only when the identity of the Proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A by the Company.

All liability and obligation under this Commitment shall cease and terminate 180 DAYS after the Effective Date or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue the policy or policies is not the fault of the Company.

The Company will provide a sample of the policy form upon request.

IN WITNESS WHEREOF, First American Title Insurance Company has caused its corporate name and seal to be affixed by its duly authorized officers on the date shown in Schedule A.

**First American Title Insurance Company**

Dennis J. Gilmore
President

Jeffrey S. Robinson
Secretary

(This Commitment is valid only when Schedules A and B are attached) **This jacket was created electronically and constitutes an original document**

Copyright 2006-2009 American Land Title Association. All rights reserved. The use of this form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.

| Form 5011600 (7-1-14) | Page 1 of 8 | ALTA Commitment (6-17-06) |
| --- | --- | --- |

# CONDITIONS

1. The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2. If the proposed Insured has or acquired actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions.

3. Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and Conditions and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4. This Commitment is a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

5. *The policy to be issued contains an arbitration clause. All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. You may review a copy of the arbitration rules at <http://www.alta.org/>.*

|  *First American Title*™ | Commitment For Title Insurance |
|---|---|
| | ISSUED BY<br>**First American Title Insurance Company** |
| # Schedule A | |

File No.: 600-90365-JS
Escrow Officer: Jan Sredanovich

1. Effective Date: May 8, 2017 at 07:30 AM

   Amended:                     No.:

2. Policy (or Policies) to be issued:                                    <u>AMOUNT</u>

   a.  ALTA Extended Loan Policy (06-17-06)                    $170,000.00

      Proposed Insured:  CSI Mortgage Corporation

3. The estate or interest in the land described or referred to in this Commitment is
   (Identify estate covered, i.e. Fee, Leasehold, etc)

   Fee.

4. Title to the estate or interest in this land is at the Effective Date vested in:

   Victor L. Granado (Affect Lot 2 and 4)

   and Desert Valley Steam "Carpet Cleaning", LLC, an Arizona Limited Liability Company (Affect Lot 3)

5. The land referred to in this Commitment is described as follows:

   SEE EXHIBIT A ATTACHED HERETO

**Note:** Please direct all inquiries and correspondence to:

**Title Security Agency, LLC**
**Jan Sredanovich**
**421 E. Cottonwood Lane**
**Casa Grande, AZ 85122**
Phone: **(520)426-4600**
**www.titlesecurity.com**

**Title Security Agency, LLC,** Authorized Representative for **First American Title Insurance Company**
**Thomas Bagnall - TB**

Title Officer
Typist

_____
Authorized Representative

(This Schedule A valid only when Schedule B is attached)

# EXHIBIT A

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF PINAL, STATE OF ARIZONA, AND IS DESCRIBED AS FOLLOWS:

Lot 2, 3 and 4, Block 68, of COTTON CITY PROPER, according to the Plat of record in the Office of the County Recorder of Pinal County, Arizona, recorded in Book 2 of Maps, Page 8.



| First American Title™ | Commitment For Title Insurance |
| | ISSUED BY |
| | **First American Title Insurance Company** |

# Schedule BI

File No.: 600-90365-JS

<u>**REQUIREMENTS**</u>

**NOTE:** Pursuant to Arizona Revised Statutes 11-480, effective January 1, 1991, the County Recorder may not accept documents for recording that do not comply with the following:

a. Print must be ten-point type (pica) or larger.
b. Margins of at least one-half inch along the left and right sides one-half inch across the bottom and at least two inches on top for recording and return address information.
c. Each instrument shall be no larger than 8 1/2 inches in width and 14 inches in length.

The following requirements must be met:

A. Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

B. Pay us the premiums, fees and charges for the policy.

C. Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded.

D. You must tell us in writing the name of anyone not referred to in this commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

1. TAX NOTE:

   | | |
   | --- | --- |
   | Year | 2016 |
   | Parcel No. | 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 |
   | Total Tax | $3,188.46 |
   | First Half | $Paid |
   | Second Half | $Paid |

2. RECORD Satisfaction of judgment entered in the Superior Court of Arizona:

   | | |
   | --- | --- |
   | County of | Pinal |
   | Case No | CV2016-091334 |
   | Amount | $See Instrument |
   | Debtor | Victor Granado and Jane Doe Granado; Jaime Granado and June Doe Granado |
   | Creditor | 4055 E. Fifth St., L.L.C., an Arizona Limited Liability Company |
   | Recorded | January 20, 2017 |
   | Document No. | 2017-003957 |

   NOTE: A partial release can only be executed by the judgment creditor.

3. RECORD Partial Release and Reconveyance of the subject property from Deed of Trust:

   | | |
   | --- | --- |
   | Amount | $275,000.00 |

Dated                 February 26, 2015
Recorded          March 6, 2015
Document No.     2015-013815
Trustor              Desert Valley Steam "Carpet Cleaning", LLC, an Arizona Limited Liability
Company
Trustee              Stewart Title & Trust of Phoenix, Inc.
Beneficiary         KS StateBank

THE BENEFICIAL INTEREST under said Deed of Trust was assigned by mesne assignments of record to:

Assignee                 Atlas Residential, LLC, an Arizona Limited Liability Company
The last of which was recorded in
Document No.     2017-031690

4.     FURNISH a copy of the Cancellation Instruction (Company Document - "Revolving Line of Credit Letter), signed by the borrower and sent to the lender, for the Deed of Trust shown in requirement no. 3.
NOTE: This cannot be a "to come" item

5.     PROPER showing as to the marital status of Victor L. Granado on December 13, 2016 by reason of instrument recorded in 2016-083574 and the proper divesting of the interest of the spouse, if married. The right is reserved to make additional exceptions or requirements based upon information furnished.

6.     SUBMIT fully executed copy of the Operating Agreement (and all amendments) of the limited liability company named below for examination. The right is reserved to make additional requirements upon said examination.

Limited Liability
Company:          Desert Valley Steam "Carpet Cleaning", LLC, an Arizona Limited Liability
Company

7.     RECORD Deed from Desert Valley Steam "Carpet Cleaning", LLC, an Arizona Limited Liability Company to Victor Lozada Granado, an unmarried man.
(Affect Lot 3)

COMPLIANCE with ARS 11-1133, which states essentially that an affidavit must be completed by a seller and a buyer and appended to a deed or contract for the sale of real estate which is presented for recording.

8.     RECORD Deed of Trust to be insured.

NOTE: This transaction qualifies for a discounted rate.

NOTICE: If a Power of Attorney is being used for this transaction, submit to the Title Officer sufficiently prior to close of this transaction for approval. Such further requirements as may be necessary after completion of the above.

NOTE: The only conveyance(s) affecting said land recorded within 24 months of the date of this commitment is (are) as follows:

**SCHEDULE B - PART 1**
(Continued)

Quit Claim Deed recorded November 02, 2016 in Document No. 2016-074236; Grantor: Desert Valley Steam "Carpet Cleaning", LLC, an Arizona Limited Liability Company; Grantee: Juanita Granado.
(Affect Lot 2 and 4)

Quit Claim Deed recorded December 13, 2016 in Document No. 2016-083574; Grantor: Juanita Granado; Grantee: Victor L. Granado.
(Affect Lot 2 and 4)

Warranty Deed recorded March 5, 2007 in Document No. 2007-027099; Grantor: Victor Lozada Granado, an unmarried man; Grantee: Desert Valley Steam "Carpet Cleaning", LLC, an Arizona Limited Liability Company.
(Affect Lot 3)

**Lender's Note:** The purported address as disclosed by the **Pinal** County Assessor's office is as follows:

603 N. D Street, Eloy, AZ 85131

**END OF SCHEDULE B - PART I**



| First American Title™ | Commitment for Title Insurance |
| | ISSUED BY |
| | **First American Title Insurance Company** |
| **Schedule BII** | |

File No.: 600-90365-JS

## EXCEPTIONS

The policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. TAXES AND ASSESSMENTS collectible by the County Treasurer, a lien not yet due and payable for the following year:

   2017

   ANY ACTION by the County Assessor and/or Treasurer, altering the current or prior tax assessment, subsequent to the date of the Policy of Title Insurance.

2. RESERVATIONS or exceptions in Patents or in Acts authorizing the issuance thereof.

3. WATER RIGHTS, claims or title to water, and agreements, covenants, conditions or rights incident thereto, whether or not shown by the public records.This exception is not limited by reason of the disclosure of any matter relating to Water Rights as may be set forth elsewhere in Schedule B.

4. OBLIGATIONS imposed upon said land by its inclusion within any district formed pursuant to Title 48, Arizona Revised Statutes, excluding however Municipal or County Improvement Districts.

5. ANY EASEMENTS or servitudes appearing in the public records.

6. COVENANTS, CONDITIONS AND RESTRICTIONS, if any, appearing in the public records.NOTE:  This exception omits any covenant, condition or restriction based on race, color, religion, sex, handicap, familial status or national origin as provided in 42 U.S.C. Section 3604, unless and only to the extent that the covenant (a) is not in violation of state or federal law, (b) is exempt under 42 U.S.C. Section 3607, or relates to a handicap but does not discriminate against handicapped people.

**END OF SCHEDULE B – PART II**

# EXHIBIT B



# ALTA Commitment

COMMITMENT FOR TITLE INSURANCE
Issued by Old Republic National Title Insurance Company

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, a Minnesota corporation ("Company"), for a valuable consideration, commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the Proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest in the land described or referred to in Schedule A, as owner or mortgagee of the estate or interest in the land described or referred to in Schedule A, upon payment of the premiums and charges and compliance with the Requirements; all subject to the provisions of Schedules A and B and to the Conditions of this Commitment.

This Commitment shall be effective only when the identity of the Proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A by the Company.

All liability and obligation under this Commitment shall cease and terminate six (6) months after the Effective Date or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue the policy or policies is not the fault of the Company.

The Company will provide a sample of the policy form upon request.

Issued through the office of:

**Title Security Agency, LLC**
**6390 E. Tanque Verde**
**Tucson, AZ 85715**
**Phone: (520)885-1600**

_____
Authorized Representative

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**
A Corporation
400 Second Avenue South, Minneapolis, Minnesota 55401
(612) 371-1111

By _____ President

Attest _____ Secretary

OR Commitment



# COMMITMENT FOR TITLE INSURANCE

*Issued by*

## Old Republic National Title Insurance Company

## SCHEDULE A

| | | | |
|---|---|---|---|
| 1. | Effective Date: **July 19, 2017 at 07:30 AM** | File No.: | **600-95307-TS** |
| | | Amended: | |
| | | No.: | |

2.      Policy or Policies to be issued:    **ALTA Standard Owners Policy (6-17-06)**

        Proposed Insured:              **SL Casitas I, L.L.C., an Arizona Limited Liability Company**

        Liability:                      **$193,000.00**

3.      The estate or interest in the land described or referred to in the Commitment and covered herein is:

        Fee

4.      Title to the said estate or interest in said land is at the Effective Date hereof vested in:

        Victor L. Granado, as to Lots 2 and 4 and Desert Valley Steam  "Carpet Cleaning" LLC, an Arizona Limited Liability Company as to Lots 1 and 3

5.      The land referred to in this Commitment is situated in the County of **Pinal** State of **Arizona**, and is described in Exhibit "A" attached hereto and made a part hereof.

---

**Note:** Please direct all inquiries and correspondence to:
**Title Security Agency, LLC**
**Latisha Sopha**
**421 E. Cottonwood Lane, Casa Grande, AZ 85122**
Phone: **(520)426-4600**
**www.titlesecurity.com**

OR Commitment

**Title Security Agency, LLC,** Authorized Representative for **Old Republic National Title Insurance Company**
**Angela Nolasco - AN**
Title Officer
Typist

# EXHIBIT "A"

Lots 1, 2,3 and 4, Block 68, of COTTON CITY PROPER, according to the plat of record in the office of the County Recorder of Pinal County, Arizona, recorded in Book 2 of Maps, Page 8.

OR Commitment

## SCHEDULE B - SECTION I

### REQUIREMENTS

The following are the requirements to be complied with prior to the issuance of said policy or policies. Any other instrument recorded subsequent to the date hereof may appear as an exception under Schedule B of the policy to be issued. Unless otherwise noted, all documents must be recorded in the office of the Recorder of the County in which said property is located.

**NOTE:** Pursuant to Arizona Revised Statutes 11-480, effective January 1, 1991, the County Recorder may not accept documents for recording that do not comply with the following:

a. Print must be ten-point type (pica) or larger.
b. Margins of at least one-half inch along the left and right sides one-half inch across the bottom and at least two inches on top for recording and return address information.
c. Each instrument shall be no larger than 8 1/2 inches in width and 14 inches in length.

1. TAX NOTE:

   | | |
   |---|---|
   | Year | 2016 |
   | Parcel No. | 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 |
   | Total Tax | $77.14 |
   | First Half | $Paid |
   | Second Half | $Paid |

   Affects: Lot 1, Block 68

2. TAX NOTE:

   | | |
   |---|---|
   | Year | 2016 |
   | Parcel No. | 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 |
   | Total Tax | $3,188.46 |
   | First Half | $Paid |
   | Second Half | $Paid |

   Affects: Lots 2, 3 & 4, Block 68

3. RECORD Release and Reconveyance of Deed of Trust:

   | | |
   |---|---|
   | Amount | $275,000.00 |
   | Dated | February 26, 2015 |
   | Recorded | March 6, 2015 |
   | Document No. | 2015-013815 |
   | Trustor | Desert Valley Steam "Carpet Cleaning" LLC, an Arizona limited liability company |
   | Trustee | Stewart Title & Trust Phoenix, Inc. |
   | Beneficiary | KS StateBank |

   THE BENEFICIAL INTEREST under said Deed of Trust was assigned by instrument:

   | | |
   |---|---|
   | Recorded | May 4, 2017 |
   | Document No. | 2017-031689 |
   | Assignee | Atlas Residential, LLC, an Arizona limited liability company |

   SUBSTITUTION OF TRUSTEE under said Deed of Trust:

OR Commitment

| | |
|---|---|
| Recorded | June 16, 2017 |
| Document No. | 2017-043053 |
| New Trustee | Ronald B. Herb, licensed real estate broker in Arizona |

NOTICE OF SALE under the terms of said Deed of Trust:

| | |
|---|---|
| Recorded | June 16, 2017 |
| Document No. | 2017-043054 |
| Date of Sale | September 15, 2017 |

4.    RECORD Cancellation of Notice of Sale recorded in

Document No.    2017-043054
(Affects Deed of Trust Requirement No. 3)

5.    FURNISH a copy of the Cancellation Instruction (Company Document - "Revolving Line of Credit Letter"), signed by the borrower and sent to the lender, for the Deed of Trust shown in requirement no. 3.
NOTE: This cannot be a "to come" item

6.    RECORD TERMINATION of Assignment of Rents executed by and between Desert Valley Steam "Carpet Cleaning" LLC, an Arizona limited liability company and KS State Bank recorded March 06, 2015 in Document No. 2015-013816.

Thereafter, Assignment of Interest under Assignment of Rents recorded May 04, 2017 in Document No.2017-031690; Assignee:A tlas Residential, LLC, an Arizona limited liability company

7.    RECORD Satisfaction of judgment entered in the Superior Court of Arizona:

| | |
|---|---|
| County of | Maricopa |
| Case No | CV2016-091334 |
| Amount | $See Instrument |
| Debtor | Victor Granado et al |
| Creditor | 4055 E. Fifth St., L.L.C., an Arizona limited liability company |
| Attorney for Creditor | Elizabeth D. Bushell, P.L.C. |
| Recorded | January 20, 2017 |
| Document No. | 2017-003957 |

NOTE:  A partial release can only be executed by the judgment creditor.

8.    SUBMIT fully executed copy of the Operating Agreement (and all amendments) of the limited liability company named below for examination.  The right is reserved to make additional requirements upon said examination.

| | |
|---|---|
| Limited Liability Company: | Desert Valley Steam "Carpet Cleaning" LLC, an Arizona limited liability company |

9.    SUBMIT for review an original Certification of Trust in the form prescribed by this Company dated and executed within thirty days prior to closing by an acting trustee of the Victor L. Granado Irrevocable Trust Agreement

10.    RECORD Quit Claim Deed from Vincent Granado, a single man and Vincent Granado, Trustee of the Victor L. Granado Irrevocable Trust Agreement, dated November 16, 2016 to Victor L. Granado, an

OR Commitment

unmarried man

COMPLIANCE with ARS 11-1133, which states essentially that an affidavit must be completed by a seller and a buyer and appended to a deed or contract for the sale of real estate which is presented for recording.

Note: Said deed is required to clear cloud on title created in Quit Claim Deeds recorded in Document No. 2016-083574 and 2017-034229

COMPLIANCE with Section 33-404 A.R.S., which states essentially that the names and addresses of the beneficiaries under a trust must appear on the face of any conveyance of Real Property wherein the Grantor or Grantee is named Trustee.

11.     RECORD Quit Claim Deed from Jaime Granado, a single man and Jaime Granado, Trustee of the Victor L. Granado Irrevocable Trust Agreement dated November 16, 2016 to Victor L. Granado, an unmarried man

COMPLIANCE with ARS 11-1133, which states essentially that an affidavit must be completed by a seller and a buyer and appended to a deed or contract for the sale of real estate which is presented for recording.

Note: Said deed is required to clear cloud on title created in Quit Claim Deeds recorded in Document No. 2016-083574 and 2017-034229

COMPLIANCE with Section 33-404 A.R.S., which states essentially that the names and addresses of the beneficiaries under a trust must appear on the face of any conveyance of Real Property wherein the Grantor or Grantee is named Trustee.

12.     RECORD Quit Claim Deed from Juanita Granado, an unmarried woman to Victor L. Granado, an unmarried man

COMPLIANCE with ARS 11-1133, which states essentially that an affidavit must be completed by a seller and a buyer and appended to a deed or contract for the sale of real estate which is presented for recording.

13.     RECORD Quit Claim Deed from Desert Valley Steam "Carpet Cleaning", LLC, an Arizona limited liability company to Victor L. Granado, an unmarried man

COMPLIANCE with ARS 11-1133, which states essentially that an affidavit must be completed by a seller and a buyer and appended to a deed or contract for the sale of real estate which is presented for recording.

14.     RECORD Deed from Victor L. Granado aka Victor Lozada Granado, an unmarried man to SL Casitas I, L.L.C., an Arizona Limited Liability Company.

COMPLIANCE with ARS 11-1133, which states essentially that an affidavit must be completed by a seller and a buyer and appended to a deed or contract for the sale of real estate which is presented for recording.

OR Commitment

**Lender's Note:** The purported address as disclosed by the **Pinal** County Assessor's office is as follows:

601 and 603 North D Street, Eloy, AZ 85131

**END OF SCHEDULE B - SECTION I**

OR Commitment

# SCHEDULE B - SECTION II

## EXCEPTIONS FROM COVERAGE

Schedule B of policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the Effective Date but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

1.  TAXES AND ASSESSMENTS collectible by the County Treasurer, a lien not yet due and payable for the following year:

    2017

2.  ANY ACTION by the County Assessor and/or Treasurer, altering the current or prior tax assessment, subsequent to the date of the Policy of Title Insurance.

3.  RESERVATIONS or exceptions in Patents or in Acts authorizing the issuance thereof.

4.  LIABILITIES AND OBLIGATIONS imposed by reason of the inclusion of said land within the following named district(s):

    City of Eloy

5.  EASEMENTS, RESTRICTIONS, RESERVATIONS, CONDITIONS AND SET-BACK LINES as set forth on the plat recorded as Book 2 of Maps, Page 8, but deleting any covenant, condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin to the extent such covenants, conditions or restrictions violate 42 USC 3604(c).

## END OF SCHEDULE B - SECTION II

OR Commitment

# CONDITIONS

1. The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2. If the proposed Insured has or acquired actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions and Stipulations.

3. Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and Conditions and Stipulations and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4. This Commitment is a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

5. The policy to be issued contains an arbitration clause. All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company of the Insured as the exclusive remedy of the parties. You may review a copy of the arbitration rules at http://www.alta.org. If a policy other than the 2006 ALTA Owner's Policy of Title Insurance, 2006 ALTA Loan Policy of Title Insurance or 2006 ALTA Short Form Residential Loan Policy is ultimately issued, the arbitration provisions of the issued policy shall control.

OR Commitment

# EXHIBIT A

### AMERICAN LAND TITLE ASSOCIATION
### OWNER'S POLICY OF TITLE INSURANCE - 2006
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.   (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to:
       (i)    The occupancy, use, or enjoyment of the Land;
       (ii)   the character, dimensions, or location of any improvement erected on the Land;
       (iii)  the subdivision of land; or .
       (iv)  environmental protection;
or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion l(a) does not modify or limit the coverage provided under Covered Risk 5.
(b)      Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims, or other matters:
(a)      created, suffered, assumed, or agreed to by the Insured Claimant;
(b)      not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
(c)      resulting in no loss or damage to the Insured Claimant;
(d)      attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
(e)      resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is:
(a)      a fraudulent conveyance or fraudulent transfer; or
(b)      a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Data of Policy and the date of recording of the deed or other instrument of transfer in Public Records that vests Title as shown in Schedule A.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART ONE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) that arise by reason of:

1.   (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.   Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.   Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.   Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.   (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the public records.

### AMERICAN LAND TITLE ASSOCIATION
### LOAN POLICY OF TITLE INSURANCE - 2006
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.   (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to:
       (i)    the occupancy, use, or enjoyment of the Land;
       (ii)   the character, dimensions, or location of any improvement erected on the Land;
       (iii)  the subdivision of land; or
       (iv)  environmental protection; or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion lea) does not modify or limit the coverage provided under Covered Risk 5.
(b)      Any governmental police power. This Exclusion l(b) does not modify or limit the coverage provided under Covered Risk 6.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims, or other matters:

OR Commitment

(a) created, suffered, assumed, or agreed to by the Insured Claimant;

(b)        not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

(c)        resulting in no loss or damage to the Insured Claimant;

(d)        attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or

(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.     Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.     Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.

6.     Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

(a) a fraudulent conveyance or fraudulent transfer, or

(b) a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.

7.     Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Data of Policy and the data of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under Covered Risk II(b).

## EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART 1, SECTION ONE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) that arise by reason of:

1.     (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.     Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.     Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.     Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by-the Public Records.

5.     (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

OR Commitment

## AGREEMENT TO ISSUE POLICY

We agree to issue a policy to you according to the terms of this Commitment. When we show the policy amount and your name as the proposed insured in Schedule A, this Commitment becomes effective as of the date shown in Schedule A.

If the Requirements shown in this Commitment have not been met within six months after the Commitment Date, our obligation under this Commitment will end. Also, our obligation under this Commitment will end when the policy is issued and then our obligation to you will be under the policy.

**Our obligation under the Commitment is limited by the following:**

> The provisions in Schedule A
> The Requirements
> The Exceptions in Schedule B - Part 1 and 2
> The Conditions

**This Commitment is not valid without SCHEDULE A and Parts 1 and 2 of SCHEDULE B.**

## SCHEDULE B - EXCEPTIONS

Part One of Schedule B will be eliminated from any A.L.T.A. Extended Coverage Policy, A.L.T.A.
Plain language Policy, A.L.T.A. Homeowner's Policy, A.L.T.A. Expanded Coverage Residential Loan Policy and any short from versions thereof. However, the same or similar exception may be made in Schedule B of those policies in conformity with Schedule B, Part Two of this Commitment.

**Part One: (for use with 2006 ALTA policies)**

1. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.
2. Any facts, rights, interests or claims which are not shown by the Public Records but which could be ascertained by an inspection of the Land or by making inquiry of persons in possession of the Land.
3. Easements, liens or encumbrances, or claims thereof, which are not shown by the Public Records.
4. Any encroachment, encumbrance, violation, variation, or adverse circumstances affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims of title to water; whether or not the matters excepted under (a),(b), or (c) are shown by the Public Records.

**Part Two: (for use with 1992 and prior ALTA policies)**

1. Taxes of assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records. Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2. Any facts, rights, interests or claims which are not shown by the Public Records but which could be ascertained by an inspection of the land or by making inquiry of persons in possession thereof.
3. Easements, liens or encumbrances, or claims thereof, which are not shown by the Public Records.
4. Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which are correct survey would disclose, and which are not shown by the Public Records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water; whether or not the aforementioned matters excepted are shown by the public records.
6. Any lien, or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

## REQUIREMENTS
### (Standard)

The following requirements must be met:

(a)     Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.
(b)     Pay us the premiums, fees and charges for the policy.
(c)     Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded.
(d)     You must tell us in writing the name of anyone not referred to in this commitment who will get interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

OR Commitment

## CONDITIONS

1. **DEFINITIONS**
   (a.) "Mortgage" means mortgage, deed of trust or other security instrument.
   "Public Records" means the title records that give constructive notice of matters affecting the title according to the state law where the land is located.

2. **LATER DEFECTS**
   The Exceptions in Schedule B may be amended to show any defects, liens or encumbrances that appear for the first time in the public records or are created or attached between the Commitment Date and the date on which all of the Requirements are met. We shall have no liability to you because of this amendment.

3. **EXISTING DEFECTS**
   If any defects, liens or encumbrances existing at Commitment Date are not shown in Schedule B, we may amend Schedule B to show them. If we do amend Schedule B to show these defects, liens or encumbrances, we shall be liable to you according to Paragraph 4 below unless you knew of this information and did not tell us about it in writing.

4. **LIMITATION OF OUR LIABILITY**
   Our only obligation is to issue to you the Policy referred to in this Commitment, when you have met its Requirements. If we have any liability to you for any loss you incur because of an error in this Commitment, our liability will be limited to your actual loss caused by your relying on this Commitment when you acted in good faith to: comply with the Requirements or eliminate with our written consent any Exceptions shown in Schedule B. We shall not be liable for more than the Amount shown in Schedule A of this Commitment and our liability is subject to the terms of the Policy form to be issued to you.

5. **CLAIMS MUST BE BASED ON THIS COMMITMENT**
   Any claims, whether or not based on negligence, which you may have against us concerning the title to the land must be based on this Commitment and is subject to its terms.

Note: The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than the certain dollar amount set forth in any applicable arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. If you desire to review the terms of the policy, including any arbitration clause that may be included, contact the office that issued this Commitment or Report to obtain a sample of the policy jacket for the policy that is to be issued in connection with your transaction.

OR Commitment

# File an Answer/Response/Objection:

## 2:20-bk-00570-BKM DESERT VALLEY STEAM CARPET CLEANING LLC

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 2 (Phoenix) |
| Assets: y | Judge: BKM | Case Flag: Repeat-AZB |

**U.S. Bankruptcy Court**

**District of Arizona**

Notice of Electronic Filing

The following transaction was received from PATRICK R. BARROWCLOUGH entered on 3/8/2021 at 12:49 PM AZ and filed on 3/8/2021

**Case Name:**     DESERT VALLEY STEAM CARPET CLEANING LLC

**Case Number:**     2:20-bk-00570-BKM

**Document Number:** 209

**Docket Text:**
Objection *to Approval of Debtor's First Amended Disclosure Statement* filed by PATRICK R. BARROWCLOUGH of ATKINSON, HAMILL & BARROWCLOUGH, P.C. on behalf of Atlas Residential LLC (related document(s)[197] Disclosure Statement) (Attachments: # (1) Exhibits A and B). (BARROWCLOUGH, PATRICK)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Objection to Approval of First Amended Disclosure Statement.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=875559564 [Date=3/8/2021] [FileNumber=46842022-0]
[21b580b5478217b906972571ebbffc6b89be97498e38c41ef067b887be4f682b0dad
d7e7db5a95ebb796cea7598865a3d1f229cda2b4e5af714cd43a64a83c5c]]
**Document description:** Exhibits A and B
**Original filename:** C:\fakepath\Exhibits A and B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=875559564 [Date=3/8/2021] [FileNumber=46842022-1]
[077fb3a742be436bc598f82898b1bb972513a529dcd420566fadc401c96c02acfc0f
765de33284576b58c679136125f79bb8415e36448702161f8a89654c9b9b]]

**2:20-bk-00570-BKM Notice will be electronically mailed to:**

PATRICK R. BARROWCLOUGH on behalf of Creditor Atlas Residential LLC
pbarrowclough@ahblawfirm.com

PATRICK R. BARROWCLOUGH on behalf of Defendant ATLAS GENERAL, LLC
pbarrowclough@ahblawfirm.com

PATRICK R. BARROWCLOUGH on behalf of Defendant ATLAS RESIDENTIAL, LLC
pbarrowclough@ahblawfirm.com

PATTY CHAN on behalf of U.S. Trustee U.S. TRUSTEE
patty.chan@usdoj.gov

Case 2:20-bk-00570-BKM    Doc 224-1    Filed 04/01/21    Entered 04/01/21 16:09:16
Desc   Exhibits A and B    Page 24 of 25

TIMOTHY M. COLLIER on behalf of Plaintiff DESERT VALLEY STEAM (CARPET CLEANING) LLC
timothy.collier@tmcollierlaw.com, tdavis@tmcollierlaw.com

TIMOTHY M. COLLIER on behalf of Plaintiff JAMIE GRANADO
timothy.collier@tmcollierlaw.com, tdavis@tmcollierlaw.com

TIMOTHY M. COLLIER on behalf of Plaintiff VICTOR GRANADO
timothy.collier@tmcollierlaw.com, tdavis@tmcollierlaw.com

Christopher J. Dylla on behalf of Creditor ARIZONA DEPARTMENT OF REVENUE
christopher.dylla@azag.gov, bankruptcyunit@azag.gov,hua.qin@azag.gov,michelle.schlosser@azag.gov

CYNTHIA L. JOHNSON on behalf of Creditor Atlas Residential LLC
cynthia@jsk-law.com, PaulaHillock@gmail.com

CYNTHIA L. JOHNSON on behalf of Defendant ATLAS GENERAL, LLC
cynthia@jsk-law.com, PaulaHillock@gmail.com

CYNTHIA L. JOHNSON on behalf of Defendant ATLAS RESIDENTIAL, LLC
cynthia@jsk-law.com, PaulaHillock@gmail.com

PATRICK F KEERY on behalf of Creditor Keery McCue, PLLC
pfk@keerymccue.com,
Mthompson@ecf.courtdrive.com,2624@notices.nextchapterbk.com,mat@keerymccue.com

SHAWN AUBREY MCCABE on behalf of Debtor DESERT VALLEY STEAM CARPET CLEANING LLC
shawn@azbklawyer.com, bwright@wloaz.com

SHAWN AUBREY MCCABE on behalf of Plaintiff DESERT VALLEY STEAM (CARPET CLEANING) LLC
shawn@azbklawyer.com, bwright@wloaz.com

ADAM 1 NACH on behalf of Creditor Stanley J. Kartchner, Chapter 7 Trustee of the bankruptcy Estate of Victor
Lozada Granado, 4:17-bk-14574-BMW
adam.nach@lane-nach.com, tturner@lane-nach.com,sheila.rochin@lane-nach.com,danica.kolb@lane-nach.com,deborah.mckernan@lane-nach.com

BENJAMIN WRIGHT on behalf of Plaintiff DESERT VALLEY STEAM (CARPET CLEANING) LLC
bwright@wloaz.com, azbkwrightlaw@gmail.com,R46413@notify.bestcase.com

**2:20-bk-00570-BKM Notice will not be electronically mailed to:**