# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
## Minute Entry

### Hearing Information:

| | |
|---|---|
| **Debtor:** | DESERT VALLEY STEAM CARPET CLEANING LLC |
| **Case Number:** | 2:20-BK-00570-BKM    **Chapter:** 11 |
| **Date / Time / Room:** | THURSDAY, APRIL 08, 2021 01:30 PM    TELEPHONIC HRGS |
| **Bankruptcy Judge:** | BRENDA K. MARTIN |
| **Courtroom Clerk:** | MARGARET KELLY |
| **Reporter / ECR:** | LETICIA OROSCO |

### Matter:

ORAL ARGUMENT ON ATLAS RESIDENTIAL'S MOTION FOR ORDER THAT IT WAS ACTING AS A CUSTODIAN RE ITS AMENDED FIRST AND SECOND APPLICATION FOR ADMINISTRATIVE EXPENSE

**R / M #:** 196 / 0

### Appearances:

SHAWN AUBREY MCCABE, ATTORNEY FOR DESERT VALLEY STEAM CARPET CLEANING LLC
TIMOTHY M COLLIER, ATTORNEY FOR JAMIE AND VICTOR GRANADA
PATRICK BARROWCLOUGH, ATTORNEY FOR ATLAS RESIDENTIAL, LLC

# Minute Entry

(continue)...  2:20-BK-00570-BKM    THURSDAY, APRIL 08, 2021 01:30 PM

### *Proceedings:*

Mr. Barrowclough provides the background and history of the matter. Mr. Barrowclough answers questions raised by the Court regarding the time period for the possession order and other orders extending the order of possession. Mr. Barrowclough argues his position in support of Atlas Residential motion. Mr. Barrowclough argues the unfair advantage if the motion is denied.

The Court states that as a practical matter, there was a discussion during the motion to compel hearing, of the adequate protection that would be required. There was a lengthy discussion about whether the Debtor would have the ability to use the proceeds from the insurance or the rents and the fact that they couldn't unless they had authorization either from the Court or consent from the Lender. The Court states that the issue of adequate protection was discussed as part of the turnover oral argument.

Mr. Barrowclough responds that it came up in the context that the cash would disappear but does not believe it was briefed, he agrees it was discussed. Mr. Barrowclough believes if the Court disagrees with Atlas, they would be left with an unsecured claim as opposed to an administrative expense. Mr. Barrowclough argues the law of the case. Mr. Barrowclough addresses the Court's concerns and argues the first decision was erroneous and the manifest injustice factors. Mr. Barrowclough argues how Atlas was acting as a custodian either under applicable law or under a contract.

The Court notes, after an overview of the types of cases cited by that section in the restatement, almost all were focused solely on the issue of whether or not it was revocable agency.

Mr. Barrowclough responds that the analysis is first if Atlas was an agent or not. Mr. Barrowclough states Atlas was acting as an agent and cites to the sections of assignments of rents at page two. Mr Barrowclough argues the enforcement of a lien and the last factor of does it need to be in the best interest of all creditors. He believes the plain meaning of the statute is that the language, benefit of all creditors, only applies to the general administration of the property and not to enforcement of a lien, which stands alone.

Mr. McCabe argues his position and states that the time period that Atlas was acting as a custodian started when they entered into a stipulation with the previous Chapter 7 Trustee. He states that the custodianship ended when the Trustee relinquished that property from the bankruptcy estate. Mr. McCabe states that Judge Gan ordered that Atlas could not foreclose on the property and granted Atlas' motion to use the insurance proceeds. Mr. McCabe disputes that Atlas never asked for possession of the property but only for use of the insurance proceeds. Mr. McCabe states that Exhibit C, at page four, the secession of building activity, the Court is essentially speaking to the Granados regarding their request to repair the property, which was denied. Mr. McCabe states that the order was based on the equities and not on an analysis of the deed of trust, state law, or specific provisions. Mr. McCabe addresses the third element and argues his position regarding an unfair advantage. Mr. McCabe states that the assignments of rents, powers of attorney, do not provide any basis as Atlas being an agent or any right to foreclose on the property. Discussion ensues regarding the power to foreclose and whether Atlas was an agent. Mr.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   2:20-BK-00570-BKM        THURSDAY, APRIL 08, 2021 01:30 PM

McCabe argues that collecting the rent and maintaining the property is not appointed as a general liquidation of the Debtor's estate and that the time spent doing that is not time spent as an agent to foreclose but done to the benefit of creditors. Mr. McCabe responds that the third party receiver/agent isn't doing it to benefit of themselves but this is to the benefit of Atlas and argues his position.

Mr. Barrowclough makes his final arguments.

COURT: IT IS ORDERED, TAKING THIS MATTER UNDER ADVISEMENT.

cc:
Rachael Stapleton
Doug Magnuson