Benjamin Wright, State Bar No. (027003)
Shawn A. McCabe, State Bar No. (032402)
**Wright Law Offices**
2999 N. 44th St., Ste. 600
Phoenix, AZ 85018
602-344-9695
480-717-3380 (fax)
shawn@azbklawyer.com
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| **DESERT VALLEY STEAM CARPET CLEANING, LLC** | Case No. 2:20-bk-00570-BKM |
| Debtor. | **DEBTOR'S PLAN OF REORGANIZATION** |

Desert Valley Steam Carpet Cleaning, LLC ("**Debtor**"), debtor-in-possession in the above-captioned bankruptcy estate, submit to the Court and creditors of the Debtor's estate the following Plan of Reorganization (the "**Plan**"), pursuant to § 1121(a) of the Bankruptcy Code.

## I. <u>DEFINITIONS</u>

For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined have the meanings ascribed to them in Section I of the Plan. Any term used in the Plan that is not defined in the Plan but is defined in the Bankruptcy Code or the Bankruptcy Rules retains the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, such terms include the plural as well as the singular, the masculine gender

includes the feminine gender, and the feminine gender includes the masculine gender. As used in this Plan, the following terms have the meanings specified below:

Administrative Claim: A Claim for payment of an administrative expense of a kind specified in 11 U.S.C. §§ 503(b) or 1114(e)(2) and entitled to priority pursuant to Code § 507(a)(1), including, but not limited to, (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the bankruptcy estate and operating the Debtor's business, (b) all Allowed Claims of professionals appointed by the Bankruptcy Court, (c) all fees and charges assessed against the bankruptcy estate under 28 U.S.C. § 1930, and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under Code § 546(c)(2).

ADOR: The Arizona Department of Revenue.

Allowed Claim: Allowed Claim shall mean a Claim:

(a)  with respect to which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 of the Rules of Bankruptcy Procedure and to which no objection to the allowance of the Claim has been filed by the Debtor or any other party or as to which any such objection has been determined by an order or judgment of the Court which is no longer subject to appeal and to which no appeal is pending, or (b)  Scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), Rules of Bankruptcy Procedure, and not listed as disputed, contingent or un-liquidated as to the amount. An Allowed Claim shall not include un-matured or post-petition interest, penalties, fees or costs, unless specifically stated in the Plan. Notwithstanding § 502(a) of the Code and Rules 3001 and 3003, for the purposes of the

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45
Desc Exhibit Exhibit A    Page 2 of 22

Plan, a Claim shall not be an Allowed Claim unless it satisfies the definition of Allowed Claim under this Plan.

Allowed Interest:  An Allowed Interest shall mean an Interest in the Debtor held by a person or entity, as of the Effective Date, and as to which Interest no objection has been made within the time allowed for the making of objections, or as to which such Interest is allowed by a final order, or an Interest as to which a timely and proper proof of interest has been filed, and as to which proof of interest no objection has been made within the time allowed for making objections.

Allowed Priority Claim: The Allowed Claim of a Claimant that is entitled to priority in payment pursuant to 11 U.S.C. § 507(a)(2) through (a)(8).

Allowed Secured Claim: An Allowed Claim to the extent that such Allowed Claim is secured by a lien which is unavoidable, on property in which the estate has an interest, to the extent of the value of such Creditor's interest in the estate's interest in such property as determined in light of the purpose of the valuation and of the proposed disposition and use of such property and determined as of the Petition Date.

Allowed Unsecured Claim: An Allowed Claim to the extent that such Allowed Claim is not secured by a lien on property in which the estate has an interest.

Ballot:  Each of the ballot forms distributed with the Disclosure Statement to holders of Impaired Claims entitled to vote as specified in this Plan in connection with the solicitation of acceptances of this Plan.

Bankruptcy Code: 11 U.S.C. § 101 et seq.

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45    Desc Exhibit Exhibit A    Page 3 of 22

Bankruptcy Court: The United States Bankruptcy Court for the District of Arizona or any other court which may have jurisdiction over this case or any proceeding arising under, in, or relating to this case.

Bankruptcy Rule: The Federal Rules of Bankruptcy Procedure as amended and the Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Case or proceedings therein, as the case may be.

Bar Date: The date, if any, designated by the Bankruptcy Court as the last date for filing Proofs of Claim or Interest against the Debtor.

Chapter 11: Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101, et seq.

Claim: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, equitable, secured or unsecured, which right arose or accrued prior to the date of Confirmation, or; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, disputed, undisputed, secured, or unsecured, where such right arose or accrued prior to Confirmation, or; (c) a claim arising under 11 U.S.C. § 502(g).

Claimant or Creditor: Any person or entity that asserts a Claim.

Class: A category of holders of Claims or Interests as described in this Plan.

Confirmation: The signing by the Court of the Confirmation Order.

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45    Desc Exhibit Exhibit A    Page 4 of 22

Confirmation Date: The date upon which the Confirmation Order is entered upon the docket.

Confirmation Hearing:  The hearing held by the Bankruptcy Court regarding confirmation of the Plan, as it may be continued from time to time.

Confirmation Order: The Order signed by the Bankruptcy Court pursuant to 11 U.S.C. § 1129 confirming this Plan.

Contingent Claim: Any Claim for which a proof of claim has been filed with the Bankruptcy Court: (a) which was not filed in a sum certain, or which has not accrued and is dependent on a future event that has not occurred and may never occur, and (b) which has not been allowed on or before the Confirmation Date.

Court: The United States Bankruptcy Court for the District of Arizona, which has jurisdiction in this case.

Date of Filing: The date this chapter 11 case was filed and the DVSCC bankruptcy estate created, January 15, 2020.

Debtor:  Desert Valley Steam Carpet Cleaning.

Disbursing Agent:  The Reorganized Debtor shall be the Disbursing Agent and shall make distributions to holders of Allowed Claims under the Plan.

Disclosure Statement: The Debtors' disclosure statement and any amendments and supplements thereto as approved by an order of the Bankruptcy Court.

Disputed Claim: A Claim which the Debtor listed as un-liquidated, disputed or contingent in his Schedules or to which an objection has been filed which has not been resolved by a final order of the Bankruptcy Court.

Effective Date:  45 days after the Confirmation Date.  If 45 days after the Confirmation Date falls on a weekend or a holiday, the Effective Date will be the first business day thereafter.

Eloy Property:  Debtors real property located at 603 & 607 D. Street, Eloy, AZ 85231.

Excess Cash Flow:  Cash flow of the Debtor's post-petition income after deduction from post-petition income as set forth in Schedule I, all expenses as set forth in Schedule J, including all payments to administrative, priority, and secured creditors.

Final Order:  An order or judgment that has not been stayed.

Impaired:  When used with reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of Code § 1124.

Insider:  A person or entity within the definition contained at § 101(31) of the Bankruptcy Code.

IRS:  The Internal Revenue Service.

Interest:  Any equity interest in the Debtor as of the Effective Date.

Interest Holder:  Any person or persons owning an Interest in the Debtor as of the Effective Date.

Litigation:  Any and all pending or filed claims, causes of action, counterclaims, setoffs and enforceable rights of the Debtor against third parties, or assertable by the Debtor on behalf of its creditors, the Estate, or themselves, whether brought in the Bankruptcy Court or any other forum for recovery or avoidance, as the case may be, including, but not

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45    Desc Exhibit Exhibit A    Page 6 of 22

limited to, damages, general or exemplary (or both) or other relief, relating to or based upon:

(i)     indebtedness owing to Debtor,

(ii)    fraud, negligence, gross negligence, willful misconduct, or any other tort action,

(iii)   breaches of contract,

(iv)    breaches of fiduciary or agency duties, or

(v)     causes of action based on abuse of process, malicious prosecution, improper intentional harassment or abuse of governmental powers.

This definition also includes actions filed by the Debtor to avoid liens (including actions to rescind loan transactions pursuant to the Truth in Lending Act), to determine the allowance of Claims, and pre- and post-confirmation actions to recover preferences and fraudulent transfers pursuant to provision of 11 U.S.C. §§ 544, 547, 548, 549 and 550.

New Obligations: Those debts of the Debtor that existed pre-confirmation, but which are modified by the confirmed Plan resulting in the creation of a new note. The Reorganized Debtor will have liability for these modified obligations under the terms of the confirmed Plan. Said new obligations shall not be considered in default unless and until the Reorganized Debtor defaults on said obligations after the Effective Date.

Oversecured:  The term describing the Allowed Claim of a secured Creditor when the value of the collateral securing said Allowed Claim exceeds the amount of the debt serving as the basis for said Allowed Claim.

Ownership Interest:  Ownership Interest shall mean the Interest in the Debtor held by the Principals as of the Date of Filing.

Person:  Any individual, corporation, partnership, joint venture, association, joint stock company, trust, unincorporated association or organization, governmental agency, or associated political subdivision.

Petition: The original petition under Chapter 11.

Petition Date: The date, on which the Debtor filed its petition, November 26, 2018.

Plan:  This Plan of Reorganization and any amendments or supplements thereto.

Plan Rate:  The rate of interest referred to in the Plan which is the prime rate.

Principals: The individuals holding the Ownership Interest, Jamie Granado and Victor Granado.

Proof of Claim:  The proof of claim that must be filed by a holder of an Impaired Claim by the Bar Date.

Projected Net Disposable Income: The projected net disposable income of the Debtor as defined in 11 U.S.C. § 1325(b)(2) to be received during the five (5) year period beginning on the date that the first payment is due under the Plan.

Pro Rata: The ratio of an Allowed Claim or Allowed Interest in a particular Class to the aggregate amount of all Allowed Claims or Allowed Interests in that Class.

Reorganized Debtor: The Debtor after the Effective Date.

Tax Claim Rate:  The rate of interest, to be determined by the Bankruptcy Court at the Confirmation Hearing, that, when applied to the amount of an Allowed Priority Claim to be paid in installments will result in such installments being of an aggregate value, as of the Effective Date, equal to the Allowed amount of such Claim, consistent with the

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45
Desc Exhibit Exhibit A    Page 8 of 22

requirements of 11 U.S.C. § 1129(a)(9).  At the Confirmation Hearing, the Debtor will request the Court determine that the Tax Claim Rate is five percent per annum.

<u>Undersecured</u>: The term describing the Allowed Claim of a secured Creditor when the value of the collateral securing said Allowed Claim is less than the debt which serves as the basis of said Allowed Claim.

<u>Voting Deadline:</u>  The voting deadline, for voting to accept or reject this Plan, as determined by the Bankruptcy Court.

## II.     CLASSIFICATION OF CLAIMS AND INTERESTS

    **a.** <u>Class 1-A Priority Administrative Claims under 11 U.S.C. §507(a)(2)</u>

        **i. Atlas** -undermined         $0 to $247,544.45

        **ii. Joseph's Appraisal Group**     $1,000.00

    **b.** <u>Class 1-B Priority Administrative Claims Alternatively Treated under 11 U.S.C. §507(a)(2)</u>

        **i. KM**         $41,891.49

    **c.** <u>Class 1-C consists of Allowed Priority Unsecured Claims under 11 U.S.C. §507(a)(7) (Tenant Claims related to LP1).</u>

    **d.** <u>Class 1-D Priority Unsecured Claims under 11 U.S.C. §507(a)(8) (Tax Claims).</u>

        **i. AZDOR**         $5,757.52

        **ii. IRS**         $1,700.00

    **e.** <u>Class 2-A Unimpaired Secured Claims</u>

        **i. Atlas** – (Deed of Trust)     $275,000.00

**f.**  Class 2-B Impaired Secured Claims

  **i.**  **Lane & Nach, P.C.**   $28,553.32

**g.**  Class 3 Nonpriority Unsecured Claims

  **i.**  **Atlas** – undetermined  $0 to $368,235.99

  **ii.**  **Stanley J. Kartchner**  $0

  **iii.**  **AZDOR**    $56.99

  **iv.**  **IRS**     $1,900.00

  **v.**  **MacQueen & Gottlieb, LLC**  $8,333.33

  **vi.**  **City of Eloy**   $0

  **vii.**  **Jess Loran**   $5,000.00

  **viii.**  **Emergency Cleanup Services** $5,000.00

**h.**  Class 4 consists of the Ownership Interests of the Principals.

## III.  IMPAIRMENT OF CLASSES

  Class 1-A, Class 1-B, and Class-1C, and Class 2-A are unimpaired under the Plan. All other classes are impaired, as that term is defined in 11 U.S.C. §1124.

## IV.  TREATMENT OF CLASSES

  **a.  Class 1-A - Administrative Claims**

  Class 1-A consists of Allowed Priority Claims under 11 U.S.C. §507(a)(2) (Administrative Claims). Allowed Claims of Class 1-A shall be paid in full, in cash, by the earlier of the Effective Date or the date that such are allowed and ordered paid by the Court. Any Class 1-A Claim not allowed as of the Effective Date shall be paid as soon thereafter as they are allowed by the Court according to the terms of this Class.

-10-

PLAN OF REORGANIZATION

Case 2:20-bk-00570-BKM Doc 232-1 Filed 04/14/21 Entered 04/14/21 19:18:45
Desc Exhibit Exhibit A Page 10 of 22

### b. Class 1-B - Administrative Claims Treated Alternatively

Class 1-B consists of Allowed Priority Claims under 11 U.S.C. §507(a)(2) (Administrative Claims) which have agreed to be treated alternatively. Class 1-B claims shall be paid in monthly payments until paid in full, commencing on the Effective Date. DVSCC anticipates Class 1-B Claims will be paid in the first thirty (30) months of the Plan. Class 1-B will be paid in full prior to any distributions to Class 3 Nonpriority Unsecured Claims or any distributions to Class 4. Class 1-B will be paid in full prior to any distributions to Class 3 Nonpriority Unsecured Claims.

### c. Class 1-C:  Tenant Claims

Class 1-B consists of Allowed Priority Claims under 11 U.S.C. §507(a)(7) relating to tenant security deposits, which includes: unsecured claims of individuals, to the extent of $1,800.00 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property…for the personal, family, or household use of such individuals, that were not delivered or provided. To the extent the Debtors retain a property and that any tenant has provided the Debtor a deposit relating to the lease of any real property that falls within the $1,800.00 debt limitations, the tenant's deposit rights shall be preserved and the Debtor shall perform and act with the deposit in accordance with the terms of the pre-petition lease. Any deposit that exceeds the $1,800.00 dollar limitation or definitional limitations set forth in 11 U.S.C. §507(a)(7) shall be treated as a general unsecured claim under Class 3. There are no currently pending Class 1-C claims.

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45
Desc Exhibit Exhibit A    Page 11 of 22

### d. Class 1-D: Priority Unsecured Tax Claims

Class 1-D consists of Allowed Priority Unsecured Tax Claims under 11 U.S.C. §507(a)(8). Class 1-D shall be paid in full, in cash, in regular installment payments of a total value, as of the Effective Date of the Plan, equal to the Allowed Priority Claim, over a period ending five (5) years after the Petition Date, and in a manner that is not less favorable than the most favored non-priority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under §1122(b)). DVSCC reserves the right to pay off Class 1-D claims at an earlier date should the funds become available. Class 1-D claims will receive interest at the Tax Claim Rate (currently 4.6%).

### e. Class 2-A: Unimpaired Secured Claims

Class 2-A consists of Unimpaired Secured Claims. Class 2-A claims will be paid any cash collateral they are entitled to on or near the Effective Date of the Plan, thereby reducing their total Allowed Secured Claims. Class 2-A Claims will then be re-amortized over three hundred (300) months. Class 2-A Claims will be paid equal monthly payments of principal and interest at the original contract rate. Class 2-A Claims may be pre-paid at any time without penalty. DVSCC shall be deemed current on its obligations to all Class 2-A Claims upon the entry of the Confirmation Order. Once a Class 2-A Claim is paid in full as reflected herein, any lien holders shall release any and all rights or interests it may have in the collateral. If DVSCC fails to tender the payments as required herein, or if a tendered payment is not honored, then Class 2-A Claims holders shall provide written notice to DVSCC at 2999 N. 44th St., Ste. 600, Phoenix, AZ 85018, and if the default occurs while the above-captioned bankruptcy proceeding remains active, to DVSCC's counsel at

PLAN OF REORGANIZATION

2999 N. 44th St., Ste. 600 Phoenix, AZ 85018, indicating the nature of the default. If DVSCC fails to cure the default with certified funds after the passage of ten (10) business days from the date said written notice is received by DVSCC and its counsel, if applicable, Class 2-A Claim holders may file a declaration of such uncured event of default with the Court. The terms herein shall control and resolve any claim Class 2-A Claims may have against any guarantor. Class 2-A Claims shall provide DVSCC with monthly statements beginning within thirty (30) days of the Effective Date of the Plan. To the extent any party must seek relief from the Court to compel compliance with the terms herein, the prevailing party shall be entitled to recover its attorneys' fees.

### f. Class 2-B: Impaired Secured Claims

Class 2-B consists of Impaired Secured Claims which were secured by cash collateral that was spent. Class 2-B claims are provided a security interest in the Property for 85% of their original claim amount. Class 2-B claims are paid monthly payments without interest. Class 2-B claims will be paid in the first 60 months of the Plan. DVSCC reserves the right to pay off Class 2-B claims at an earlier date should the funds become available

### g. Class 3 General Unsecured Claims

Class 3 consists of the Nonpriority Unsecured Claims of Creditors. Class 3 Creditors will receive zero ($) payments under the Plan. The value of DVSCC's liquidation equity is $0. DVSCC is confident that regardless of which Property value is used, Atlas' or DVSCC's, there is negative liquidation equity.

**h. Class 4: Ownership Interest of the Principals**

Class 4 consists of the Ownership Interests of the Principals of DVSCC, Jamie and Victor Granado. In consideration for retaining their interest, the Principals shall contribute to DVSCC the amount of $20,000.00. In exchange for this new cash contribution, the Principals shall retain their Ownership Interest in DVSCC, but unless, and until all senior Allowed Claims are paid in full in accordance with the terms of the Plan, the Principals shall receive no distribution on account of their Ownership Interest.

## V. MEANS FOR EXECUTING THE PLAN

### a. Funding

Pursuant to § 1123(a)(8) of the Bankruptcy Code, the Debtor shall provide for the payment to creditors under the Plan of all or such portion of earnings from personal services performed by the Debtor after the commencement of the case or other future income of the Debtor as is necessary for the execution of the Plan. The Debtor will contribute his Excess Cash Flow in an amount sufficient to fund the Allowed Administrative, Priority Claims, and Unsecured Claims as discussed in the Disclosure Statement.

### b. Liquidation of Estate Property

The Debtor shall have the authority to retain such brokers, agents, counsel, or representatives, as they deem necessary to liquidate any assets of the bankruptcy estate. Prior to Confirmation, the Debtor shall have the ability to sell his Real Property pursuant to an order of the Bankruptcy Court to the highest and best bidder. Any sales which occur post-confirmation shall not require approval of the Bankruptcy Court for the sale, although the Debtor will be free to seek such order if he deems appropriate.

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45
Desc Exhibit Exhibit A    Page 14 of 22

### c. **Management**

The Reorganized Debtor will continue to operate under the same management structure utilized prior to Confirmation. The Principals will hold the Allowed Interest in the Reorganized Debtor and manage the Reorganized Debtor.

### d. **Disbursing Agent**

The Reorganized Debtor shall act as the Disbursing Agent under the Plan.

### e. **Documentation of Plan Implementation**

In the event any entity which possesses an Allowed Secured Claim or any other lien in any of the Debtors' property for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtor may record a copy of this Plan or the Confirmation Order with the appropriate governmental agency and such recordation shall constitute the lien release and creation of any necessary new liens to satisfy the terms of the Plan. If the Debtor deems advisable, he may obtain a further Order from the Court that may be recorded in order to implement the terms of the Plan.

## VI. **EFFECT OF CONFIRMATION**

Because the Debtor is an individual, pursuant to §1141(d)(5) of the Bankruptcy Code, Confirmation of the Plan does not provide the discharge for the Debtor. Pursuant to 11 U.S.C. § 1141(d)(5), "[i]n a case in which the debtor is an individual – (A) unless after notice and a hearing the court orders otherwise for cause confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan." As such, the Debtor will not receive a discharge from the

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45    Desc Exhibit Exhibit A    Page 15 of 22

Court until they have made all Plan payments in full. At that time, the Debtor will file an application with the Court for a final decree and discharge and affirmatively demonstrate that all Plan payments have been made. Only upon satisfaction of the Court that all Plan payments have been made, shall the Court enter the discharge. The Debtor will move for the entry of a final decree after the Debtor has provided for the implementation of the Plan, and the final decree will contain the language providing the Debtor his discharge and such final decree will discharge any and all debts of the Debtor, that arose any time before the entry of the Confirmation Order, including, but not limited to, all principal and all interest accrued thereon, pursuant to §1141(d) of the Bankruptcy Code. The discharge shall be effective as to each Claim, regardless of whether a proof of claim thereon was filed, whether the Claim is an Allowed Claim, or whether the holder thereof votes to accept the Plan.

In addition, any pre-confirmation obligations of the Debtor dealt with in the Plan shall be considered New Obligations of the Debtor, and these New Obligations shall not be considered in default unless and until the Reorganized Debtor defaults on the New Obligations pursuant to the terms of the Plan. The New Obligations provided for in the Plan shall be in the place of, and completely substitute for, any pre-Confirmation obligations of the Debtor and, once the Plan is confirmed, the only obligations of the Debtor shall be such New Obligations as provided for under the Plan.

## VII.   OBJECTIONS TO AND ESTIMATIONS OF CLAIMS

### A.   Objections and Bar Date for Filing Objections.

As soon as practicable, but in no event later than 120 days after the Effective Date,

objections to Claims shall be filed with the Bankruptcy Court and served upon the Debtor and the holders of each of the Claims to which objections are made pursuant to the Bankruptcy Code and the Bankruptcy Rules. Objections filed after such date will be barred.

**B.     Settlement of Claims.**

Settlement of any objection to a Claim not exceeding $10,000 shall be permitted on the eleventh (11th) day after notice of the settlement has been provided to the Debtor, the Creditors, the settling party, and other persons specifically requesting such notice, and if on such date there is no written objection filed, such settlement shall be deemed approved. In the event of a written objection to the settlement, the settlement must be approved by the Court on notice to the objecting party.

**C.     Estimation of Claims.**

For purposes of making distributions provided for under the Plan, all Claims objected to shall be estimated by the Disbursing Agent at an amount equal to (i) the amount, if any, determined by the Court pursuant to § 502(c) of the Bankruptcy Code as an estimate for distribution purposes; (ii) an amount agreed to between the Debtor and the Claimant; or, (iii) that amount set forth as an estimate in the Plan or Disclosure Statement. Notwithstanding anything herein to the contrary, no distributions shall be made on account of any Claim until such Claim is an Allowed Claim.

**D**.     **Unclaimed Funds and Interest.**

Distributions to Claimants shall be mailed by the Reorganized Debtor to the Claimants at the address appearing on the master mailing matrix unless the Claimant provides the Reorganized Debtor with an alternative address.  For a period of one year from

---

the date that a distribution was to be made by the disbursing agent but has gone uncollected by the Claimant, the disbursing agent shall retain any distributions otherwise distributable hereunder which remain unclaimed or as to which the disbursing agent has not received documents required pursuant to the Plan. Thereafter, the unclaimed funds shall revest in the Reorganized Debtor.

## VIII.   <u>MODIFICATION OF THE PLAN</u>

In addition to his modification rights under §1127 of the Bankruptcy Code, the Debtor may amend or modify his Plan at any time prior to Confirmation without leave of the Court. The Debtor or the Reorganized Debtor may propose amendments and/or modifications of their Plan at any time subsequent to Confirmation with leave of the Court and upon notice to Creditors. After Confirmation of the Plan, the Debtor or the Reorganized Debtor may, with approval of the Court, as long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies of the Plan, or in the Confirmation Order, if any may be necessary to carry out the purposes and intent of his Plan.

## IX.   <u>CLOSING OF THE CASE</u>

If the Court does not close this case on its own motion, the Reorganized Debtor will move the Court to close this case once the Plan is deemed substantially consummated. Until substantial consummation, the Reorganized Debtor will be responsible for filing pre- and post-confirmation reports required by the United States Trustee and paying the quarterly post-confirmation fees of the United States Trustee, in cash, pursuant to 28 U.S.C. §1930, as amended.  Pursuant to 11 U.S.C. §1129(a)(12), all fees payable under Section

1930 of title 28, as determined by the Court at the hearing on confirmation of the Plan, will be paid, in cash, on the Effective Date.

## X. EXCULPATION CLAUSE

From and after the Effective Date, neither Debtor, Reorganized Debtor, the professionals employed on behalf of the Estate, nor any of his respective present or former employees, advisors, attorneys, or agents, shall have or incur any liability, including derivative claims, but excluding direct claims, to any holder of a Claim or any party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of (from the Petition Date forward), the Chapter 11 Case, Reorganized Debtor, the pursuit of confirmation of this Plan, or the consummation of this Plan, except for gross negligence and willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to his duties and responsibilities under this Plan or in the context of the Chapter 11 Case.

## XI. RETENTION OF JURISDICTION

The Court will retain jurisdiction until this Plan has been fully consummated for including, but not limited to, the following purposes:

1. The classification of the Claims of any Creditors and the re-examination of any Claims which have been allowed for the purposes of voting, and for the determination of such objections as may be filed to the Creditor's Claims. The failure by the Debtor to object to or examine any Claim for the purpose of voting shall not be deemed to be a waiver of the Debtors' rights to object to or to re-examine the Claim in whole or in part.

2.     To determine any Claims which are disputed by the Debtor, whether such objections are filed before or after Confirmation, to estimate any Unliquidated or Contingent Claims pursuant to 11 U.S.C. § 502(c)(1) upon request of the Debtor or any holder of a Contingent or Unliquidated Claim, and to make determination on any objection to such Claim.

3.     To determine all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of Confirmation, between the Debtors and any other party, including but not limited to, the sale or disposition of property (both pre and post confirmation) and any rights of the Debtors to recover assets pursuant to the provisions of the Bankruptcy Code.

4.     The correction of any defect, the curing of any omission or any reconciliation of any inconsistencies in this Plan, or the Confirmation Order, as may be necessary to carry out the purposes and intent of this Plan.

5.     The modification of this Plan after Confirmation, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

6.     To enforce and interpret the terms and conditions of this Plan.

7.     The entry of an order, including injunctions, necessary to enforce the title, rights and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions of such title, right and power that this Court may deem necessary.

8.     The entry of an order concluding and terminating this case.

## XII. RETENTION AND ENFORCEMENT OF CLAIMS

Pursuant to § 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce any and all claims of the Debtor, except those claims specifically waived herein.

## XIII. EXECUTORY CONTRACTS

The Debtor shall reject all executory contracts and unexpired leases not otherwise assumed herein or by separate order of the Court. Claims for any executory contracts or unexpired leases rejected by the Debtor shall be filed no later than ten (10) days after the earlier of Confirmation or the date the executory contract or unexpired lease is specifically rejected. Any such Claims not timely filed and served shall be disallowed.

## XIV. AVOIDANCE ACTIONS AND NON-BANKRUPTCY LITIGATION

As provided herein, the Reorganized Debtor, as the post confirmation agent to the Estate, anticipates a further examination of alleged conveyances of property of the Estate to third parties. Other than the ongoing litigation with Atlas, Debtor does not anticipate any other post confirmation non-bankruptcy Litigation. The Reorganized Debtor shall have a period of one hundred and eighty days (180) to file such adversary Litigation pursuant to 11 U.S.C. § 546, 547, 548 and 550. Pursuant to the Plan, the Reorganized Debtor reserves the right to initiate such Litigation post confirmation for the benefit of the creditors of the Estate. The Reorganized Debtor expressly reserves all rights and powers granted the Debtors-in-Possession or Trustee under the "strong-arm" provisions of the Bankruptcy Code. These rights will be preserved post-confirmation, in the Reorganized Debtor, until it files its Final Report with the Bankruptcy Court.

Case 2:20-bk-00570-BKM    Doc 232-1    Filed 04/14/21    Entered 04/14/21 19:18:45    Desc Exhibit Exhibit A    Page 21 of 22

## XV.  REVESTING

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date the Reorganized Debtor shall be vested with all the property of the estate free and clear of all claims, liens, charges, and other interests of Creditors, arising prior to the Effective Date. Upon the Effective Date, the Reorganized Debtor shall operate his business free of any restrictions.

DATED this 14th day of April, 2021

**Wright Law Offices, PLC**

By:_____
Shawn A. McCabe
*Attorneys for Debtor*


DESERT VALLEY STEAM CARPET CLEANING, LLC.


_____
By:     Jamie Granado
Its:     Managing Member