Benjamin Wright, State Bar No. (027003)
Shawn A. McCabe, State Bar No. (032402)
**Wright Law Offices**
2999 N. 44th St., Ste. 600
Phoenix, AZ 85018
602-344-9695
480-717-3380 (fax)
shawn@azbklawyer.com
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>**DESERT VALLEY STEAM CARPET CLEANING, LLC**<br><br>Debtor. | Chapter 11<br><br>Case No. 2:20-bk-00570-BKM<br><br>**REPLY TO ATLAS' RESPONSE TO DEBTOR'S OBJECTION TO ATLAS RESIDENTIAL, LLC's PROOF OF CLAIM 7-1** |

Desert Valley Steam Carpet Cleaning LLC ("Debtor") hereby submits its *Reply* to *Atlas Residential's Response to Debtor's Objection to Atlas Residential, LLC's Proof of Claim 3-4 and 7-1* ("**Atlas' Response**").

I.   **The Adversary Proceeding and Administrative Expense Application**

Throughout Atlas' Response, they take time to argue that some of the issues overlap with the pending resolution of the Administrative Application and Adversary Proceeding. Although there many overlapping issues in this case, the Court need not wait to resolve all the issue at a trial that will in all likelihood take place sometime in 2022. This is especially true areas of simple contract interpretation or issues that don't require extended discovery.

II.   **The Deed of Trust**

"A general principle of contract law is that when parties bind themselves by a lawful contract, the terms of which are clear and unambiguous, a court must give effect to the contract as written." Grosvenor Holdings, LC v. Figueroa, 218 P.3d 1045, 222 Ariz. 588 (Ct. App. 2009)

-1-

*quoting Grubb & Ellis Mgmt. Serv., Inc. v. 407417 B.C.,* L.L.C., 213 Ariz. 83, ¶ 12, 138 P.3d 1210, 1213 (App.2006). "Where the intent of the parties is expressed in clear and unambiguous language, there is no need or room for construction or interpretation and a court may not resort thereto." *Id.* at 1050, quoting *Mining Inv. Group, L.L.C. v. Roberts*, 217 Ariz. 635, ¶ 16, 177 P.3d 1207, 1211 (App.2008), quoting *Goodman v. Newzona Inv. Co.*, 101 Ariz. 470, 472, 421 P.2d 318, 320 (1966).

Atlas argues that Debtor has no evidence to support the contention that KS Bank intended the Deed of Trust to have a maximum lien on the Property for $275,000.00. However, Debtor does not need any extrinsic evidence of their contention. The basic and foundational principles of contract law cited above make clear that the parties to a contract are bound by the clear and unambiguous language of the contract agreed to. Here, the Deed of Trust is clear and unambiguous when it states, "MAXIMUM LIEN. The lien of this Deed of Trust shall not exceed at any one time $275,000.00." This is the very first line of the Deed of Trust, which KS Bank drafted. This is not some cluttered or nebulous conceptual language. Under the weight of Arizona law on contractual interpretation the parties are bound this contractual language, there is no room for court construction or interpretation. This issue does not require an evidentiary hearing to make a determination. Nor does it require depositions or Rule 2004 examinations of KS Bank, as Atlas suggests.

This issue is simply another instance of Atlas trying stymie Debtor's reorganization attempts through extrapolated and unnecessary litigation. Debtor simply mentioned the Kansas Statute to demonstrate that the concept of a maximum lien of a deed of trust was extremely familiar territory to the party who drafted the contract.

**III.    The Insurance Proceeds**

Atlas argues they had a third option on how to use the Insurance Proceeds. Atlas argues the Deed of Trust allows them to apply the Insurance Proceeds to a third party under a contract for

repair of the Property. Atlas further alleges they engaged in such a contract with Atlas General Contracting LLC. Atlas has never produced proof that they ever paid Atlas General for any repairs of the Property and the documents disclosed reflect that they paid many unlicensed individuals directly for repairs performed (the subject of the Adversary and Administrative Claim). Debtor does not address Atlas' argument here because it is irrelevant to a determination of Atlas' secured claims. At this point, the Property and Insurance Proceeds are property of the bankruptcy estate and Atlas cannot control how they are spent. Atlas can only assert a claim that their debt is secured by the insurance proceeds. As stated by Debtor in their Objection, Atlas' only interest in the Insurance Proceeds at this point in time, is that they be applied to the amount secured by the Deed of Trust.

**IV.     The Judgment Lien Claim**

   a. Invalid Transfers

Debtor believes all of the transfers made in November and December 2016 were legally invalid due to defect of the Property's description. Specifically, the transfers only listed "Lots 2 and 4" while the Property is comprised and legally identified as "Lots 1, 2, 3, and 4." Accordingly, the Property always remained vested in the Debtor and it was never possible for the Judgment Lien Claim to attach.

   b. Victor Granado to the Victor L. Granado Irrevocable Trust

Atlas argues the Property transfer from Victor Granado to the Victor L. Granado Irrevocable Trust is invalid under A.R.S. Section 33-401 because it was not notarized by the grantor Victor Granado. However, the document in question was in fact was notarized as to Victor Granado and Jamie Granado. The notary signature section of the Transfer is somewhat confusing in that there appear to be two separate signature verification paragraphs for the notary to sign. The first, for Victor Granado, is missing a signature line for a notary to even sign. Although the section

is missing the date of signing, it does contain Victor's name and the notary's certification expiration date.

The second paragraph below, for Jaimie Granado's signature, is fully filled out and notarized. The notary took down Victor Granado's identification and signature, logging his signature of the Transfer in her logbook. On these grounds, Debtor argues that the Transfer is notarized for purposes of Section 33-401. The opinions and circumstantial evidence presented by Atlas do not invalidate the Transfer by operation of law. Debtor stands by their argument that all relevant transfers comply with Section 33-401 and the Judgement Lien Claim did not attach. Debtor stands by their assertion that Atlas must take some action to invalidate a transfer before the Judgment Lien Claim would attach to the Property. Atlas cannot simply use a proof of claim filing to accomplish this and attached a lien where it did not otherwise attach before, particularly where the end result is that a portion of the Property is no longer property of the Debtor's bankruptcy estate.

    c. <u>November 2, 2016 Transfer</u>

Alternatively, Debtor points out that the November 2, 2016, transfer in which Debtor purportedly transferred Lots 2 and 4 of the Property to Juanita Granado, may not have legal transferred title to her. Specifically, the name "Vincent" Granado is originally written as the party to whom the interest is being quit claimed to. However, "Vincent" has a line through it as if to strike the name out, and "Juanita" is written below. Debtor would argue that either no actual transfer occurred due to this discrepancy, Lots 2 and 4 were transferred to Vincent Granado, or the Property was transferred to both Juanita and Vincent Granado. If the lots were transferred to Vincent, then he still holds valid title to Lots 2 and 4. If the lots were transferred to both Juanita and Vincent, then the subsequent December 9, 2016, transfer to Victor Granado was invalid. Finally, if no transfer occurred then Debtor was vested in the entirety of the Property the whole

time. Either way, the Judgment Lien Claim would never have attached.

**RESPECTFULLY SUBMITTED** this 16th day of April, 2021

        Wright Law Offices, PLC
        By: /s/ *Shawn A. McCabe (#032402)*
        Shawn A. McCabe
        Attorneys for Debtor

**E-FILED** this 16th day of April, 2021 with the U.S. Bankruptcy Court. **Copies** served via ECF notice, email and or U.S. Mail on the following parties:

Patty Chan
Office of U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003-1706
Email: ustpregion14.px.ecf@usdoj.gov
Email: Patty.Chan@usdoj.gov

Cynthia L. Johnson
Law Offices of Cynthia L. Johnson
11640 East Caron Street
Scottsdale, AZ 85259
Cynthia@jsk-law.com
*Attorneys for Alfonso Larriva*

Christopher Dylla
Office of the Attorney General
2005 North Central Avenue
Phoenix, AZ 85004-1592
Christopher.dylla@azag.gov
*Attorneys for Arizona Department of Revenue*

Patrick R. Barrowclough
Atkinson, Hamill & Barrowclough, P.C.
3550 N. Central Avenue, Suite 1150
Phoenix, AZ 85012
pbarrowclough@ahblawfirm.com
*Attorneys for Atlas Residential, LLC*

Lane & Nach, P.C.
Attn: Adam B. Nach
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
*Creditor*

Stanley J. Kartchner

1

c/o Lane & Nach, P.C.
Attn: Adam B. Nach
2001 East Campbell A venue, Suite 103
Phoenix, AZ 85016
*Chapter 7 Trustee*

KEERY MCCUE, PLLC
6803 E Main Street
Suite 1116
Scottsdale, AZ 85251
pfk@keerymccue.com
*Creditor*

All parties listed on the attached master mailing list who are not listed above.

By: /s/ *Rebecca Casteel*